No. 87-46

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

THE STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

RICHARD McLEOD,

        Defendant and Appellant.

---

APPEAL FROM:  District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Manley, Smith & Dupuis; James A. Manley, St. Ignatius,
Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
Clay R. Smith, Asst. Atty. General, Helena
Larry Nistler, County Attorney, Polson, Montana

---

Submitted:  May 14, 1987

Decided:  July 28, 1987

Filed: JUL 28 1987

*Edd. M. Harrison*
_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Defendant Richard McLeod was found guilty by a jury of one count of criminal sale of dangerous drugs (marijuana). The District Court for the Twentieth Judicial District, Lake County, sentenced him to 40 years in the Montana State Prison, with 10 years suspended. He appeals. We reverse and remand for new trial.

Mr. McLeod has raised three issues on appeal. Because we return this case for new trial, we will not address the issue of whether the prison sentence given constitutes an abuse of discretion. The issues we consider are:

1. Was the conduct of the county attorney prejudicial to Mr. McLeod, thereby denying him a fair trial?

2. Did the District Court err in denying Mr. McLeod's discovery motion for disclosure of the identity of a confidential informant?

In April 1986 Mr. McLeod was charged with two counts of criminal sale of dangerous drugs, stemming from alleged sales to undercover agents in November and December of 1985. His arrest was part of an areawide drug dragnet. Twenty-two arrests were made in all. The charge arising out of the November sale was dismissed before trial. On the remaining charge, Mr. McLeod was offered a plea bargain of 10 years in prison with all but 90 days suspended. The sentence would be served in the Lake County jail. Mr. McLeod refused to accept the plea bargain, and was the first of the dragnet defendants to go to trial.

The trial involved the sale, in Mr. McLeod's home, of approximately 9 grams of marijuana to an undercover agent. The undercover agent testified at trial that a confidential informant had arranged the transaction and accompanied him to Mr. McLeod's residence, observing the sale. The identity of

2

the confidential informant was never disclosed to the defense, despite its efforts to discover the informant's identity.

Pursuant to a motion in limine, the dismissed charge regarding the November sale was not to be discussed at trial. Nevertheless, the county attorney asked Mr. McLeod several questions about that event. Defense counsel objected to these questions and the District Court sustained the objections. The county attorney also questioned Mr. McLeod about whether he paid income taxes and about his past experience with and knowledge of drugs.

Mr. McLeod was convicted of felony sale of dangerous drugs. He was sentenced to 40 years in prison with 10 years suspended.

I

Was the conduct of the county attorney prejudicial to Mr. McLeod, thereby denying him a fair trial?

Mr. McLeod made a motion in limine prior to trial, to prohibit the county attorney from mentioning or offering into evidence any criminal or wrongful acts other than the act which was the subject of this trial. In granting the motion, the court stated:

> The defendant's motion in limine concerning other wrongful acts is granted. That includes any reference to any general statements of this particular defendant with respect to whether he was or was not known to be a drug dealer. That simply is not relevant. This defendant is prepared to go to trial on the single and sole issue of Count II of the Information, which is whether he did or did not on December 19, 1985 purposely or knowingly sale [sic] marijuana to an undercover agent.
> And to be consistent with the Court's ruling with respect to dismissing Count II, the motion in limine precluding the State's introduction of any evidence relating to the alleged prior act of November 6th is granted. The motion in limine is

3

granted so the State is precluded from, in any manner, introducing any evidence with respect to the alleged sale of November 6, 1985 by Gwen Davis or any other person.

Mr. McLeod's testimony on direct examination was very brief. He denied that he had seen the undercover agent prior to the initiation of these proceedings and denied that he had made the drug sale. Cross-examination, on the other hand, was extensive and lengthy. One of the first questions was, "Do you recall selling marijuana to a female person on November 6th of 1985?" This brought an immediate objection based on the motion in limine, followed by extensive in-chambers discussion between the attorneys and the court. The court told the county attorney several times that he could not go into questions on Mr. McLeod's past drug dealings. The county attorney continued to argue the position that Mr. McLeod was lying and that he should be allowed to ask questions on previous drug dealings to test Mr. McLeod's credibility. The court correctly concluded that no general statement by Mr. McLeod had opened the issues of his credibility or character. The court specifically told the county attorney that he could not ask Mr. McLeod if he had ever sold drugs before.

Back in open court, the county attorney asked Mr. McLeod several questions about his employment and friends, then asked, "Have you ever handled or touched a bag of marijuana in the last five years?" An objection was sustained.

The county attorney asked a series of questions about Mr. McLeod's income as shown on his income tax, the sole purpose of which appears to be a suggestion that he was illegally earning his income through drug dealings. Two such questions were: "Was a major source of your income selling

4

drugs?", and "Was that [selling drugs] not your source of income in November of '85?"

The county attorney continued his questioning, asking a few pages later in the transcript, "Have juveniles come to you are [sic] house to purchase drugs?" The defense's objection was sustained. The county attorney next asked, "Would you do anything like that [sell drugs to juveniles and others]?" The defense's objection was sustained. Finally, the county attorney asked, "So what you're telling me, you're not the kind of person that would engage in that activity [selling drugs]; is that right?" At this point, defense counsel objected to the question and moved for a mistrial, stating:

> [t]he basis for my objection is that the county attorney is repeatedly and apparently deliberately acting in contradiction of this Court's order which has been argued extensively. And I'm going to have no choice but to request a mistrial because of the innuendos and the suggestions and the unfair implications that are inherent in each of the approximately a half dozen questions that the county attorney has asked, all of which have been objected to, all of which have been sustained.

The court sustained the objection, but denied the motion for mistrial without further comment.

"This Court has recognized that evidence of the same kind as that previously ruled incompetent should not be repeatedly offered within the hearing of the jury, and if so offered, even though rejected, may be grounds for reversal." (Citations omitted.) State v. Bain (1978), 176 Mont. 23, 28, 575 P.2d 919, 922. Mr. McLeod argues that by repeatedly forcing his counsel to object to questions about his knowledge and use of drugs, the county attorney led the jury to believe that he had much to hide, denying him a fair trial. After reading the transcript, we must agree. We conclude

5

that the county attorney's repeated questions on other wrongful acts by Mr. McLeod violate the rule stated in Bain. We therefore reverse the conviction and remand for a new trial.

## II

Did the District Court err in denying Mr. McLeod's discovery motion for disclosure of the identity of a confidential informant?

We discuss this issue for the court and counsels' guidance on retrial. The undercover agent testified that the informant went with him to Mr. McLeod's house to consummate the drug deal. Mr. McLeod argues that he had wished to rely upon an entrapment defense at trial, but that the refusal to allow him to speak to the informant crippled his ability to present such a defense. The District Court denied the defense's motion for disclosure of the identity of the informant, ruling that disclosure would result in "substantial risk" to the operational effectiveness of the informant. Mr. McLeod therefore dropped that defense prior to trial, and relied on a defense that the events described by the undercover agent did not happen.

Rule 502, M.R.Evid., provides in relevant part:

> (a) Rule of privilege. The United States or a state or subdivision thereof has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of a law.
>
> . . .
>
> (c) Exceptions and limitations.
>
> . . .
>
> (2) Testimony on relevant issue. If it appears in the case that an informer may be able to give testimony relevant to any issue in a criminal case . . . and the public entity invokes the privilege, the court shall give the public entity an opportunity to show facts relevant to determining whether the informer can, in fact, supply that testimony.
>
> . . .

Section 46-15-324(3), MCA, provides:

> (3) Disclosure of the existence of an informant or of the identity of an informant who will not be called to testify is not required if:
> (a) disclosure would result in substantial risk to the informant or to his operational effectiveness; and
> (b) the failure to disclose will not infringe the constitutional rights of the accused.

The United States Supreme Court has adopted a balancing test for determining whether disclosure of an informant's identity is constitutionally required. The balancing test was described in Roviaro v. United States (1957), 353 U.S. 53, 62, 77 S.Ct. 623, 628-29, 1 L.Ed.2d 639, 646:

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

Several United States Courts of Appeals have interpreted this rule in cases in which defendants wanted to know informants' identities to support entrapment defenses. Illustrative of the standard prescribed is that the defendant "must adduce some evidence of entrapment before the government is called upon to disclose to the defendant identity of an informant . . ." United States v. Sharp (6th Cir. 1985), 778 F.2d 1182, 1187. The Eleventh Circuit ruled that "[m]ere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure. . . The defendant must show that the informant's testimony would

7

significantly aid in establishing an asserted defense". United States v. Kerris (11th Cir. 1984), 748 F.2d 610, 614. (Citations omitted.) We approve of these statements of the standard.

The State's position that the unnamed informant was present at the alleged drug sale by Mr. McLeod to the undercover agent presents the possibility that the informant would be a material witness on an entrapment defense. However, Mr. McLeod presented no affidavits or other evidence to support his bald assertion that he needed to speak with the informant to establish and support an entrapment defense. The State, on the other hand, presented testimony by the head of the Lake County Sheriff detective's office. He explained how disclosure of the identity of the informant would interfere with the informant's continued operational effectiveness. We conclude that Mr. McLeod did not meet his burden of showing that the informant would be a material witness whose testimony might result in exoneration, and that he did not show that the failure to disclose the identity of the informant would infringe his constitutional rights. We hold that the District Court's order permitting nondisclosure was correct.

Reversed and remanded for new trial.

_____
Justice

We Concur:

_____
Chief Justice

8

_____

_____

_____
                    Justices


Justices R.C. McDonough and William E. Hunt concur in the result but do not feel the second issue needed to be addressed because of possible changes of circumstance on retrial.

_____

_____
                    Justices

9

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 87-046

STATE OF MONTANA,

    Plaintiff and Respondent,

v.

                       )
                       )      O R D E R
                       )

RICHARD L. McLEOD,

    Defendant and Appellant.

It appearing to the Court that a modification of the Opinion of this Court in this appeal, filed with the Clerk of Court on July 28, 1987, is necessary,

IT IS HEREBY ORDERED that the last paragraph of Part I, which begins on page 5 of the Court's Opinion, be amended to read as follows:

> "This Court has recognized that evidence of the same kind as that previously ruled incompetent should not be repeatedly offered within the hearing of the jury, and if so offered, even though rejected, may be grounds for reversal." (Citations omitted.) State v. Bain (1978), 176 Mont. 23, 28, 575 P.2d 919, 922. Mr. McLeod argues that by repeatedly forcing his counsel to object to questions about his knowledge and use of drugs, the county attorney led the jury to believe that he had much to hide, denying him a fair trial. After reading the transcript, we must agree. We conclude that the county attorney's repeated questions on other wrongful acts by Mr. McLeod violate the rule stated in Bain. We therefore reverse the conviction and remand for a new trial. We point out that the county attorney who prosecuted this case in District Court was the predecessor of

1


FILED

AUG 4 1987.

*Ethel M. Harrison*

CLERK OF SUPREME COURT
STATE OF MONTANA

the respondent county attorney on the appeal.

DATED this 4th day of August, 1987.

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

Mr. Justice John C. Sheehy joins in the foregoing order.

2