No. 87-428

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

JAMES D. COATES,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Bruce L. Hussey, Missoula, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Clay R. Smith, Asst. Atty. General, Helena
Robert L. Deschamps, III, County Attorney, Missoula,
Montana

---

Submitted on Briefs: July 14, 1988

Decided: August 22, 1988

Filed AUG 2 2 1988

*Ethel M. Harrison*

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Defendant James D. Coates appeals his conviction of four counts of felony theft in Missoula County District Court. We affirm.

Three break-ins occurred in Missoula, Montana in early September of 1986 which resulted in the theft of various power tools and firearms. On September 10, 1986, the Great Falls Police Department received a telephone call from an individual who stated that James D. Coates (Coates) was attempting to sell him guns and power tools at the Cowboy Bar. The caller identified Coates' vehicle as a green Ranchero or El Camino with Missoula County license plates and several large cardboard boxes in the rear.

Based on the information received from the informant, Great Falls police officers proceeded to the Cowboy Bar where they found a vehicle matching the description given to them. A registration check revealed that the vehicle was registered to Coates. The officers observed two individuals exit the bar at different times and inspect the boxes in Coates' vehicle. One of the individuals, Patricia Werring (Werring), later drove away with a box in her vehicle that was similar to the boxes in Coates' vehicle.

The officers followed and stopped Werring's vehicle. Werring indicated that the box in her vehicle belonged to Coates and the officers confiscated the box with Werring's permission. The box contained a miter box saw. Werring was released and the officers returned to the Cowboy Bar to observe Coates' vehicle. Coates, Richard Horton (Horton), Rebecca Wagner (Wagner), and Bruce Werring soon exited the bar. Coates, Horton, and Wagner, all who had open containers of alcoholic beverages in their hands when they left the bar, departed in Coates' vehicle.

The officers stopped Coates' vehicle and inquired about the contents of the boxes. Coates claimed ownership of the contents of the boxes in his vehicle and the contents of the box confiscated from Werring. Coates and his passengers were arrested for violation of the open container law and Coates' vehicle was impounded. The next day, the Great Falls police department obtained a search warrant and searched Coates' vehicle. The contents of the boxes were identified as power tools and firearms stolen in the three Missoula break-ins.

Coates was charged by information on November 7, 1986, with four counts of felony theft pursuant to § 45-6-301, MCA. Prior to trial, Coates moved for disclosure of the identity of the State's confidential informant. The District Court denied Coates' motion on April 21, 1987. A jury trial commenced on April 28, 1987, and a guilty verdict was returned on May 1, 1987. Coates was sentenced on June 15, 1987 to ten years imprisonment at the Montana State Prison on each count, with three years suspended on each of the four concurrent sentences. Coates appeals and raises the following issue: Did the District Court abuse its discretion in denying the motion for disclosure of the identity of the confidential informant whose report led to the surveillance of Coates' vehicle?

Coates seeks to compel disclosure of the informant's identity through Rule 502(c)(2), M.R.Evid. Rule 502 provides in pertinent part as follows:

> (a) Rule of Privilege. The United States or a state or subdivision thereof has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of a law.
>
> . . .
>
> (c) Exceptions and limitations.

3

. . .

> (2) Testimony on relevant issue. If it appears in the case that an informer may be able to give testimony relevant to any issue in a criminal case or to a fair determination of a material issue on the merits in a civil case to which a public entity is a party, and the public entity invokes the privilege, the court shall give the public entity an opportunity to show facts relevant to determining whether the informer can, in fact, supply that testimony.

The Montana Supreme Court Commission on Evidence comments indicate that Rule 502 adopted the following balancing test as expressed in Roviaro v. United States (1957), 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639:

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

Roviaro, 353 U.S. at 62, 77 S.Ct. at 628-29, 1 L.Ed.2d at 646. Section 46-15-324(3), MCA, is also relevant to the issue on appeal and provides as follows:

> (3) Disclosure of . . . the identity of an informant who will not be called to testify is not required if:
>
> (a) disclosure would result in substantial risk to the informant or to his operational effectiveness; and
>
> (b) the failure to disclose will not infringe the constitutional rights of the accused.

4

Coates contends that the confidential informant may be able to give testimony which is relevant to whether there was probable cause for his arrest. The State points out that Coates was arrested for an open container violation and that the informant's information was not used as a basis for that arrest. The State also contends that the informant's conversation only supplied the impetus for placing Coates' vehicle under surveillance. For that reason, the State did not rely on the informant's information at trial and avoided any reference to the informant or to his or her conversation with law enforcement officers. Finally, the State asserts that the informant's testimony would have been cumulative to that of other witnesses in the trial.

The District Court noted that Coates' subsequent arrest for felony theft was predicated on the arresting officers' independent investigation. That investigation revealed that Coates had attempted to sell certain items to the informant and others, that Coates claimed ownership of the items, and that the items were stolen. Consequently, it is clear under the undisputed facts of this case that the informant's information was not used as a basis for probable cause to arrest Coates for felony theft.

Coates cites to State v. Chapman (Mont. 1984), 679 P.2d 1210, 41 St.Rep. 550, and Gilmore v. United States (5th Cir. 1958), 256 F.2d 565, to support his argument that the informant's identity should have been revealed in this case. However these two cases are distinguishable from the instant case in that the informants in Chapman and Gilmore were active participants in the alleged crime and had done more than just inform or supply information.

Coates contends that the informant's testimony would be relevant to his defense but fails to support that contention with anything more than conjecture or supposition. State v. McLeod (Mont. 1987), 740 P.2d 672, 675, 44 St.Rep. 1251,

5

1255, (citing United States v. Kerris (11th Cir. 1984), 748 F.2d 610, 614, which states that mere conjecture or supposition is insufficient to warrant disclosure). There is no evidence that disclosure in this case outweighs "the public interest in protecting the flow of information" or that the informant's testimony would be relevant to any issue in this case. Roviaro, 353 U.S. at 62, 77 S.Ct. at 628-29, 1 L.Ed.2d at 646; State v. Sykes (Mont. 1983), 663 P.2d 691, 694, 40 St.Rep. 690, 692; Rule 502, M.R.Evid. Coates has failed to substantiate his claim that his constitutional rights have been infringed by nondisclosure or that the informant would be exposed to no risk upon disclosure. Section 46-15-324(3)(a), (b), MCA; McLeod, 740 P.2d at 675. Accordingly, we hold that the District Court did not err by denying the motion for disclosure of informant's identity.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices