No. 81-103

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

GARY PHILLIP ANDERSON,

        Defendant and Appellant.

_____

Appeal from: District Court of the Eleventh Judicial District,
In and for the County of Flathead, The Honorable
Robert C. Sykes, Judge presiding.

Counsel of Record:

    For Appellant:

        Gary Doran, Kalispell, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena,
Montana
Ted O. Lympus, County Attorney, Kalispell,
Montana

_____

Submitted on Briefs: February 4, 1982

Decided: April 8, 1982

Filed: APR 8 - 1982

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Defendant was arrested on April 15, 1980 in Flathead County and charged with violation of section 45-9-101, MCA, criminal sale of dangerous drugs, a felony. He was found guilty by a jury in the District Court of the Eleventh Judicial District and sentenced to 40 years in Montana State Prison. He appeals from the judgment of conviction raising the following issues:

1. Did the District Court err by allowing evidence of a prior transaction involving defendant, contrary to the court's order in limine, and by failing to grant defendant's motions for mistrial based upon the evidence so admitted?

2. Did the District Court err by failing to grant defendant's motion to dismiss, or to grant a judgment notwithstanding the verdict for lack of corroboration of the accomplice's testimony?

3. Did the District Court err by denying defendant's offered instructions relating to the requirements of corroborative evidence?

The jury heard the testimony of four witnesses: Joe Mahurin, an undercover agent; Alan Harkins, a sheriff's detective; Robert Fredericks, the accomplice; and Gary Anderson, the defendant.

Mahurin and Fredericks provided the bulk of the testimony regarding the transaction in question. Mahurin had established contact with Fredericks and they dealt with each other several times over small amounts of cocaine. Mahurin expressed a desire to purchase a larger quantity of the drug and to "deal direct" with Fredericks' supplier. A meeting was then arranged for 7:00 p.m. on April 15, 1980 in the high

-2-

school parking lot. During these arrangements, which were made over the telephone, Fredericks seemed to be checking each response with another person in the room. Fredericks testified that the defendant was with him when the call was made, and had the cocaine on his person at that time.

Fredericks and the defendant went to the meeting place in defendant's car. Mahurin arrived shortly thereafter. Fredericks went to Mahurin's vehicle and produced the cocaine (1 1/2 ounces). Apparently upon Mahurin's request, defendant was also waved over to the vehicle. With all three in the vehicle, Mahurin began to count out the money ($3,500). At one point, he held the bag of cocaine up to his eyes and defendant told him to "get it down, don't have it up in the air."

As the money was counted out, it was handed to Fredericks, who would verify the amount. Defendant also picked up some of the money and recounted it. When Mahurin started running short of money, the two looked up and saw supporting police officers move in to make the arrest. At that point, defendant called Mahurin a "narc" and said something to the effect that "this is a bust."

Defendant claims that he was not involved in the transaction, but was just providing transportation for his longtime friend as he had done many times before. Mahurin's testimony, he contends, is as corroborative of his testimony as it is of Fredericks'.

At the outset of the trial, defendant's attorney made a motion in limine to exclude any testimony relating to defendant's involvement in an earlier transaction between Fredericks and Mahurin. The District Court granted the motion, but denied all of defendant's later motions for

mistrial which were made in response to alleged breaches by the prosecution of the order in limine.

A thorough review of the transcript reveals the harmlessness of these alleged breaches. We agree with the District Court's impression "that instructions to the jury and the evidence corrects any possible prejudice that might have occurred," (Tr. at 97) and furthermore, that "the defense attorney on cross examination opened a little ways Pandora's Box" (Tr. at 99). Great care was taken not to contaminate the record with allusions to prior transactions. Most importantly, many were elicited by defense questioning, and were consonant with the defense's theory that Fredericks was the "dealer" and defendant was involved only by use of his car. We find no error on the first issue.

Next, we consider whether Mahurin's testimony provided sufficient corroboration of Fredericks' accomplice testimony. Our rule on the issue is statutory. Section 46-16-213, MCA reads:

> "A conviction cannot be had on the testimony of one responsible or legally accountable for the same offense, as defined in 45-2-301, unless the testimony is corroborated by other evidence which in itself and without the aid of the testimony of the one responsible or legally accountable for the same offense tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

In addition, there is a wealth of case law which enunciates principles best summarized in State v. Kemp (1979), _____ Mont. _____, 597 P.2d 96, 99, 36 St.Rep. 1215, 1218, and recently recited in State v. Forsyth (Decided March 19, 1982), ___ Mont. ___, ___ P.2d ___, 39 St.Rep. 540 at 544.

-4-

". . . First of all, the sufficiency of such
evidence is a question of law. (Kemp citation
omitted.)  To be sufficient, it must show more
than that a crime was in fact committed or the
circumstances of its commission.  It must raise
more than the suspicion of the defendant's involve-
ment or opportunity to commit the crime charged.
But the evidence need not be sufficient by itself
to support the defendant's conviction or even to
make out a prima facie case against him.  It may
be circumstantial and can come from the defendant
or his witnesses.  (Kemp citation omitted.)  Under
section 46-16-213, MCA, it must be evidence which
in itself and without the aid of the testimony of
the one responsible or legally accountable for
the same offense tends to connect the defendant
with the commission of the offense."

Mahurin provided the corroborative testimony in this
case.  In essence, that testimony established:

that Mahurin wanted to start "dealing direct" with
Fredericks' supplier to obtain larger quantities of cocaine;

that Fredericks and the party with whom he was checking
arrangements agreed to meet Mahurin in the high school
parking lot;

that Fredericks arrived at the meeting with the defendant
and in the defendant's car;

that in the course of the transaction, defendant
handled some of the money;

This, in itself and without the aid of Fredericks'
testimony, does tend to connect the defendant with the
commission of the offense.  It is circumstantial, but as a
matter of law, it is not insufficient.

Defendant argues that the alleged corroborative evidence
is equally consonant with a reasonable explanation pointing
toward innocent conduct, and is therefore speculative rather
than corroborative.  State v. Owens (1979), ___ Mont. ____,
597 P.2d 72, 76, 36 St.Rep. 1182, 1187; State v. Coleman
(1978), 177 Mont. 1, 28, 579 P.2d 732, 748; State v. Keckonen

(1938), 107 Mont. 253, 261, 84 P.2d 341, 344. Indeed, much of Mahurin's testimony can be made consistent with defendant's innocence. Defendant could have been just providing transportation for Fredericks, especially since he was invited out of his car. Also, it is not unreasonable that he would handle this large sum of money simply out of curiosity. Neither is it implausible that he could innocently recognize a "bust" or call Mahurin a "narc." However, the evidence does tend to connect him with the offense. Whether or not his explanation was believable was a factual question for the jury. State v. Rose (1980), ___ Mont. ___, 608 P.2d 1074, 1078, 37 St.Rep. 642, 647. We therefore find the evidence of corroboration sufficient.

Defendant also disputes the District Court's denial of three of his offered instructions. These instructions all relate to the requirements of corrobative evidence and consist of language from section 46-16-213, MCA, and from case law quoted in this opinion. Owens, supra. Since the District Court found that sufficient corroboration did exist, it is contended that the defendant must be allowed to offer an instruction on the applicable law in order to guide the jury in its deliberations.

As we have noted, the sufficiency of such evidence is a question of law. Kemp, supra. That determination was properly made by the District Court. The defendant is entitled to a cautionary instruction "that the testimony of an accomplice ought to be viewed with distrust . . ." Section 26-1-303(4), MCA. In this case, instruction no. 8 stated:

> "The testimony of ROBERT FREDERICKS ought to
> be viewed with distrust because he is an

alledged [sic] accomplice and in weighing his
testimony you are to further consider that he
had been granted special concessions by the
State for his testimony."

This instruction is clearly sufficient. See again our
recent opinion in State v. Forsyth (1982), ___ Mont. ___,
___ P.2d __, 39 St.Rep. 540, 546. There was no error.
Affirmed.

_____
　　　　　　　　Justice

We Concur:

_____
Chief Justice

_____

_____

_____
　　　　　Justices