No. 82-02

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

ROBIN LAUBACH,

        Defendant and Appellant.

Appeal from: District Court of the Fourteenth Judicial District,
In and for the County of Musselshell, The Honorable
Nat Allen, Judge presiding.

Counsel of Record:

    For Appellant:

        Church, Harris, Johnson & Williams; Michael B.
Anderson, Great Falls, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
John Pratt, County Attorney, Roundup, Montana

Submitted on Briefs:    June 17, 1982

Decided:    November 10, 1982

Filed: NOV 10 1982

Thomas J. Kearney
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The defendant appeals a Musselshell County conviction of burglary arising from a jury trial in June 1981.

Defendant presents three issues on the question of corroborating evidence, and one issue on sentencing. First, he contends the testimony of an accomplice was not sufficiently corroborated and therefore the trial court should have granted his motion for a directed verdict. Second, he contends the trial court failed to properly instruct the jury on defining corroborating evidence. Third, he contends the trial court failed to instruct the jury that the testimony of an accomplice should be viewed with distrust. Fourth, he contends that the trial court, imposed a more harsh sentence on him than it did the accomplice because he chose to go to trial rather than plead guilty. We reverse and remand for a new trial on the ground that the trial court failed to instruct the jury that the testimony of an accomplice must be viewed with distrust.

At some time between Saturday, February 28, 1981, and Monday, March 2, 1981, a motorcycle valued at $3,250 was stolen from the auto mechanics shop at the Roundup High School. Barry Lee, a shop teacher in Roundup and a part-time employee of the Stockman's Supply Company, was the owner of the motorcycle. On Saturday afternoon, Lee met with the defendant and another youth named Aaron Brower. This meeting took place at the Stockman's motorcycle shop, and resulted in the three men going to the high school to look at the motorcycle. At this time, the bike was only partially assembled but Lee showed Brower and defendant where in the shop the rest of the parts for the motorcycle

-2-

were located. The men returned to the Stockman's Supply; there the defendant test drove another motorcycle, and left his name and address with Lee. On the Monday morning following this meeting, Lee discovered the motorcycle and parts were missing from the high school.

The accomplice, Aaron Brower and the defendant were roommates in their sophomore year at Northern Montana College in February 1981. Brower testified as to how the burglary took place. On the Friday before the burglary, the two of them traveled from Havre to Roundup (Brower's hometown) on their way to a basketball game in Billings. After the basketball game, the two men returned to Roundup and discussed stealing the motorcycle they had seen at the high school that day. Brower overheard a telephone call between defendant and his father, in which the defendant became very upset because his father would not loan him the money to buy the motorcycle. On returning to Roundup from Billings, the defendant parked his truck about two blocks from the high school and entered the high school after opening a locked door with a wire. Once inside, defendant opened another door with the wire and then entered the mechanics shop where the cycle and parts were stored. Brower and the defendant lifted the cycle into defendant's pickup truck and drove back to Havre. After reaching Havre, Brower took a nap, and on awakening found the defendant operating the assembled cycle. Both men used the cycle for approximately three weeks in the Havre area, and then defendant took the cycle to Fort Benton where a friend kept it for him.

The friend, Steve Witt, of Fort Benton, testified that the defendant brought the cycle to the Witt Ranch on approximately March 20, 1981. Defendant asked Witt if he would keep the

cycle at the ranch for a short time. Defendant told Witt
that he purchased the cycle from an Indian for $500 and that
he was bringing the cycle to the Witt ranch for storage. On
several occasions, Witt asked the defendant to remove the
cycle, but defendant did not remove it. Finally, Witt told
his (Witts') parents of the presence of the cycle at the
ranch.

The defendant and Brower were suspects from the beginning.
Shortly after the motorcycle had been stolen, the officials
in Roundup notified the Hill County Sheriff's Department
that the defendant and Brower were suspects in the burglary.
Within a few weeks, the Choteau County Sheriff's Department
received an anonymous tip from a woman concerning the presence
of the cycle at the Witt ranch. The sheriff went to the
Witt ranch, and met Mrs. Witt. Mrs. Witt had anticipated
the purpose of the sheriff's visit, and on his request
signed a consent-to-search form. She then showed the sheriff
the location of the cycle and he identified it as the motor-
cycle stolen from the high school shop in Roundup.

The Musselshell County Attorney's office later charged
Brower and the defendant with burglary. Brower pleaded
guilty to the charges and agreed to testify as an accomplice
in the burglary. The jury convicted defendant of burglary
and defendant was sentenced to five years in prison with
four years suspended. Brower was given a deferred imposition
of sentence.

We hold first that the testimony of the accomplice,
Aaron Brower, was sufficiently corroborated and therefore
that the trial court properly denied defendant's motion for
a directed verdict. Evidence of defendant's possession of
the stolen cycle connected him with the crime. To corroborate

accomplice testimony the evidence must: (a) tend to connect the defendant to the crime, (b) provide more than an opportunity for the defendant to commit the crime, and (c) not be equally consistent with innocent behavior. See State v. Anderson (1982), ___ Mont. ___, 643 P.2d 564, 39 St.Rep. 629; State v. Forsyth (1982), ___ Mont. ___, 642 P.2d 1035, 39 St.Rep. 540; State v. Manthie (1982), ___ Mont. ___, 641 P.2d 454, 39 St.Rep. 350.

All of these criteria are met in this case. The strongest corroborating evidence was the defendant's possession of the stolen cycle, and the fact that he had hidden the cycle at the Witt ranch after the burglary. Possession of the stolen cycle certainly connected defendant to the crime. The accomplice not only testified to defendant's possession of the cycle, but Steve Witt, who let defendant store the cycle at the family ranch, also testified to defendant's possession of it. Possession of the stolen property is at least circumstantial evidence which the jury had a right to consider in determining whether defendant had stolen the cycle.

Defendant's second contention is that the trial court refused to give his offered instructions defining corroborating evidence. Without these instructions, defendant contends the jury had no idea of how to determine whether the evidence was corroborating. Defendant fails to provide any law or analysis in support of his assertion. Further, as the State points out, the court did instruct the jury on corroborating evidence by giving the following instruction:

> "A conviction cannot be had on the testimony
> of one responsible or legally accountable for
> the same offense, unless the testimony is
> corroborated by other evidence which in itself
> and without the aid of the testimony of the
> one responsible or legally accountable for the
> same offense tends to connect the defendant

with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

This instruction gives adequate guidance to a jury on how to view corroborating evidence in the light of accomplice testimony. Failure to embellish on this instruction by additional instructions would not have prejudiced the defendant.

We are compelled nonetheless to reverse defendant's conviction because the trial court failed to instruct the jury that accomplice testimony must be viewed with distrust. The controlling statute is section 26-1-303(4), MCA, which states:

"26-1-303. Instructions to jury on how to evaluate evidence. The jury is to be instructed by the court . . .

". . .

"(4) that the testimony of an accomplice ought to be viewed with distrust, and the evidence of the oral admissions of a party with caution;"

The language of the statute is mandatory, and we find reversible error in the trial court's failure to comply with the statute. See also State v. Forsyth (1982), ___ Mont. ___, 642 P.2d 1035, 39 St.Rep. 540. In fact, the error in failing to give this mandatory instruction is so obvious, the State should have confessed the error and agreed to a retrial even if the defendant did not prevail on the question of the sufficiency of the corroborating evidence.

In his last issue defendant contends he received a more severe sentence than his accomplice solely because he chose to go to trial while the accomplice chose to plead guilty and turn state's evidence. While our decision to reverse and order a new trial means that this issue need not be discussed, we nonetheless hold that the record does not

-6-

contain any evidence to support the defendant's assertion.

The judgment is reversed and the case remanded for a new trial.

_Daniel J. Shea_
Justice

We Concur:

_Gene B. Daly_

_John Conway Harrison_

_[signature]_

_[signature]_
Justices