No. 89-062

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,

     Plaintiff and Respondent,

-v-

GARY LEE SENN,

     Defendant and Petitioner.

FILED

JUL 18 1990

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas Harkin, and The Honorable John
S. Henson, Judges presiding

COUNSEL OF RECORD:

     For Petitioner:

     Neil M. Leitch, Missoula, Montana

     For Respondent:

     Marc Racicot, Attorney General, Helena, Montana
Peter Funk, Asst. Atty. General, Helena, Montana
Robert L. Deschamps, III, County Attorney, Missoula,
Montana
F.R. Van Valkenburg, Deputy County Attorney,
Missoula, Montana

Submitted on Briefs: May 16, 1990

Decided: July 19, 1990

Filed:

_____
Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Defendant, Gary Lee Senn, appeals the decision of the District Court of the Fourth Judicial District, Missoula County, denying his motion to withdraw his plea agreement because of ineffective assistance of counsel for the criminal charges filed against him on June 15, 1988 and July 22, 1988. We affirm.

On June 15, 1988, an information was filed in the District Court of the Fourth Judicial District, Missoula County, Judge Douglas G. Harkin presiding, charging defendant for the offenses of forgery, a felony pursuant to § 45-6-325, MCA, and accountability to forgery, a felony pursuant to §§ 45-2-301 and 45-6-325, MCA. On July 22, 1988, another information was filed in the District Court of the Fourth Judicial District, Missoula County, Judge John S. Henson presiding, charging defendant for the offenses of criminal possession of dangerous drugs, a felony pursuant to § 45-9-102, MCA, and criminal possession of drug paraphernalia, a misdemeanor pursuant to § 45-10-103, MCA.

At the arraignments, defendant entered a plea of not guilty for all of the charges. Defendant then subsequently entered guilty pleas, pursuant to a plea agreement, to the offenses of forgery, accountability for forgery, criminal possession of dangerous drugs, and criminal possession of drug paraphernalia. On October 18, 1988, defendant filed a motion before Judge Henson to withdraw his guilty pleas regarding the offenses of criminal possession of dangerous drugs and the criminal possession of drug paraphernalia. Defendant also subsequently filed a motion before Judge Henson to

2

proceed pro se. Defendant's motion to withdraw his guilty pleas regarding the offenses of criminal possession of dangerous drugs and the criminal possession of drug paraphernalia was denied. On October 21, 1988, defendant filed motions before Judge Harkin to withdraw his guilty pleas for the offenses of forgery and accountability to forgery and to proceed pro se. The motion for pro se representation was granted but defendant's motion to withdraw his guilty pleas regarding forgery and accountability to forgery was denied.

Pursuant to the plea agreement, defendant was sentenced to a term of twenty years in prison with fifteen years suspended on the forgery count. He received the identical sentence for the offense of accountability for forgery. Defendant received five years in prison for the offense of criminal possession of dangerous drugs and six months for the offense of criminal possession of drug paraphernalia. All of these sentences were to run concurrently.

Defendant argues that his motion to withdraw his plea agreement should be granted because of ineffective assistance of counsel. On January 31, 1990, the State filed a motion before this Court for an order directing defendant's original court-appointed defense counsel, Margaret L. Borg, to respond by affidavit to defendant's charges of ineffective assistance of counsel. The State also moved this Court for an order identifying this action as a petition for post-conviction relief due to the necessity to supplement the existing record concerning the allegation of ineffective assistance of counsel. This Court granted the State's

motions on February 6, 1990 and Margaret L. Borg's affidavit was filed with this Court on April 4, 1990.

The essential issue raised on appeal is whether defendant's guilty pleas should be withdrawn based upon his claim of ineffective assistance of counsel.

Section 46-16-105(2), MCA, addresses the withdrawal of guilty pleas and provides that

> At any time before or after judgment the court may, for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted.

In Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, the United States Supreme Court adopted a two-pronged test for determining whether a counsel's performance was deficient when representing a criminal defendant. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. This Court adopted this two-pronged test in State v. Boyer (1985), 215 Mont. 143, 147, 695 P.2d 829, 831; see also State v. Docken (1986), 222 Mont. 58, 61, 720 P.2d 679, 681; State v. Robbins (1985), 218 Mont. 107, 114, 708 P.2d 227, 232. If a defendant is able to meet this two-pronged test, then the good cause requirement of § 46-16-105(2), MCA, is satisfied.

Under the two-pronged test set forth in Strickland, the defendant must first demonstrate that counsel's performance was deficient. To demonstrate that a counsel's performance was deficient, defendant must prove that counsel's performance fell below the range of competence reasonably demanded of attorneys in light of the Sixth Amendment. Second, the defendant must

4

demonstrate that the counsel's deficiency was so prejudicial that the defendant was denied a fair trial. To satisfy this requirement, the defendant must demonstrate that but for counsel's deficient performance, it is reasonably probable that the result of the challenged proceeding would have been different. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; State v. Elliot (1986), 221 Mont. 174, 178, 717 P.2d 572, 575. When a guilty plea is at issue rather than the result of a trial, the defendant must demonstrate that but for counsel's deficient performance, the defendant would not have pled guilty, and would have insisted on going to trial. Hill v. Lockhart (1985), 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210.

In the present case, Margaret L. Borg, chief public defender for Missoula County, was appointed to represent defendant as to all the forgery and drug charges filed against defendant during the summer of 1988. Defendant argues that he had ineffective assistance of counsel because his attorney did not meet with him frequently enough, did not adequately inform him regarding the charges and possible defenses, and would not respond to his requests for additional discussions concerning his views on how to proceed with his defense. These allegations by defendant do not establish that his counsel's performance fell below the range of competence reasonably demanded of attorneys in criminal cases. Defendant's allegation that his counsel did not meet with him as often as he would have preferred, does not establish his counsel's competence or incompetence in such a situation. Defendant also

5

alleges that he was not adequately informed of the charges against him or his possible defenses when he entered his guilty pleas pursuant to the plea agreement. However, contrary to defendant's assertions, the record demonstrates that defendant signed a document entitled "Plea of Guilty and Waiver of Rights," in which he stated that he was satisfied with the services of his attorney; he had sufficient time to consult with his attorney; his attorney had done everything that he had asked her to do; he had discussed the merits of his case, and the likely outcome of trial; and he was not suffering from any emotional or mental disability nor was he under the influence of any drugs or alcohol. In addition, the record also demonstrates that at the time when defendant entered his guilty pleas regarding the drug charges, District Court Judge Henson questioned defendant regarding his satisfaction with his counsel. Defendant stated that he was satisfied with her services and that he was not suffering from any sort of a mental or physical disability that would affect him nor was he under the influence of any medication, drugs or alcohol.

Defendant has failed to put forth any evidence to establish that his counsel's performance fell below the range of competence reasonably demanded of attorneys in criminal cases. Defendant also has not put forth any evidence to establish that but for his counsel's deficient performance, defendant would not have pled guilty, and would have insisted on going to trial. Rather, defendant has simply put forth conclusory statements that do nothing to establish his allegations that he had ineffective

6

assistance of counsel.  Defendant's petition for post-conviction relief is denied.

Affirmed.

_____
Justice

We Concur:

_____
Justices