No. 90-603

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

          Plaintiff and Respondent,

   -vs-

JOHN WILLIAM AILLS,
a/k/a DARRELL RANDALL STAHL,

      Defendant and Appellant.


APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis & Clark,
               The Honorable Dorothy McCarter, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

         J. Mayo Ashley, Helena, Montana

      For Respondent:

         Hon. Marc Racicot, Attorney General; Joseph E.
         Thaggard, Assistant, Helena, Montana
         Mike McGrath, County Attorney; Carolyn Clemens,
         Deputy, Helena, Montana


FILED

Filed: OCT 30 1991

CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  September 19, 1991

Decided:  October 30, 1991

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Appellant John William Aills, a/k/a Darrell Randall Stahl, pled guilty to one count of deliberate homicide and one count of attempted deliberate homicide in the First Judicial District, Lewis & Clark County, Montana. The District Court accepted the guilty pleas. The appellant then moved to withdraw his guilty pleas, based on ineffective assistance of counsel. The District Court denied the motion and sentenced the appellant. We affirm.

The issue before the Court is whether the District Court erred in refusing to allow the appellant to withdraw his guilty pleas.

On May 18, 1990, the appellant entered the Carroll College cafeteria in Helena with a firearm. Numerous witnesses saw him shoot and kill Sharon Hance and seriously injure Emma Peschke. Shortly after the incident, law enforcement officials located the appellant hiding under a tree on the campus and arrested him for deliberate homicide and attempted deliberate homicide. On May 21, 1990, the State charged the appellant and the court appointed two public defenders to represent him. The appellant pled not guilty to both counts, but later changed his pleas to guilty. After advising the appellant of his rights and maximum penalties for the offenses, the District Court accepted the guilty pleas. Two days before sentencing, the appellant made a motion to change counsel and to withdraw his previous guilty pleas. The court denied both requests on October 23, 1990 and later sentenced him to two consecutive life sentences. The court designated him ineligible for parole and a dangerous offender. The court also imposed two

ten-year consecutive sentences for use of a dangerous weapon, one for each count.

The appellant alleges that the District Court erred in denying his request to withdraw his guilty pleas. He bases his position on a theory of ineffective assistance of counsel for two reasons: first, for failing to inform the appellant that there was a possibility of changing venue if the matter went to trial; and second, for not informing the appellant of all his rights.

This Court adopted a test to determine ineffective assistance of counsel in State v. Boyer (1985), 215 Mont. 143, 147, 695 P.2d 829, 831. The test encompassed a two-pronged test adopted by the United States Supreme Court in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. This Court recently discussed the Strickland test as follows:

> Under the two-pronged test set forth in Strickland, the defendant must first demonstrate that counsel's performance was deficient. To demonstrate that counsel's performance was deficient, defendant must prove that counsel's performance fell below the range of competence reasonably demanded of attorneys in light of the Sixth Amendment. Second, the defendant must demonstrate that the counsel's deficiency was so prejudicial that the defendant was denied a fair trial. To satisfy this requirement, the defendant must demonstrate that but for counsel's deficient performance, it is reasonably probable that the result of the challenged proceeding would have been different. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; State v. Elliot (1986), 221 Mont. 174, 178, 717 P.2d 572, 575. When a guilty plea is at issue rather than the result of a trial, the defendant must demonstrate that but for counsel's deficient performance, the defendant would not have pled guilty, and would have insisted on going to trial. Hill v. Lockhart (1985), 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210.

State v. Senn (1990), 244 Mont. 56, 59, 795 P.2d 973, 975.

In the case at bar, we find that neither prong of the test is

3

satisfied. First, counsel's performance was not deficient since it did not fall below the range of competence reasonably demanded of attorneys. Counsel's failure to specifically inform the appellant that there was a possibility of a change of venue if the case went to trial does not establish that counsel rendered deficient performance. A motion to change venue is only appropriate after a case is set for trial. This case did not proceed to trial due to the appellant's guilty pleas, and guessing what counsel would have done is unnecessary. "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. After considering all the circumstances in the instant case, we hold that counsel's performance was reasonable.

Second, appellant was not denied a fair trial; he chose to plead guilty voluntarily after considering the overwhelming evidence against him. We have already determined counsel's performance was reasonable and not deficient; therefore, the assertion that the defendant would not have pled guilty and insisted on going to trial but for counsel's deficiency is moot. Furthermore, there is evidence that the appellant's attorneys and the District Court properly informed him of all his rights.

We find the appellant's claim that he did not receive effective assistance of counsel is without merit when considering either or both of the reasons set forth by the appellant. The record indicates that the court appointed attorneys met with the appellant separately and together and informed him of the

4

consequences of pleading guilty. In the October 23, 1990 proceeding, the appellant's attorney responded to the court as follows:

> THE COURT: . . . . explain to the Court as best you can what you have done with respect to this case so far as far as your investigation and communications with the defendant.

> MR. JACQUES: . . . I can definitely state to this Court he was advised on a number of occasions that an entry of plea does foreclose any possibility of a trial and [the] only thing left for the Court to do is pronounce sentence. Just prior to the entry of plea both Randi Hood and myself met with the defendant, talked extensively about the pros and cons of taking a case such as this through trial and there was extensive conversations and extensive discussions about whether or not it would be wise, based on the evidence, to take a matter such as this to trial. And it was in that discussion where Randi Hood was present that it was at least in my opinion made perfectly clear and he appeared to understand it at that time that there would be no trial and he had no right to a trial if a plea was accepted by this Court and there would be no chance to appeal any decision, that additionally was made aware to him, or finding of guilt or innocence. That that was a closed issue and the only thing that possibly could be appealed is whether or not this Court had sentenced properly. . . .

> . . .

> THE COURT: Did you feel in your mind that he understood what he was doing?

> MR. JACQUES: Yes.

> THE COURT: And at the time he came here for the arraignment and at the time he plead guilty did you feel after conferring with him that he understood what the consequences of his pleading guilty to the charges would be?

> MR. JACQUES: There was no question in my mind.

Further, the transcript of the September 14, 1990 proceeding in which the appellant voluntarily changed his pleas to guilty to both counts indicates that the District Court carefully advised the

appellant of his rights and maximum penalties for the offenses as required by Montana law[1], and properly accepted the guilty pleas. The transcript of September 14, 1990 reads as follows:

> THE COURT: Mr. Aills, to remind you you have been charged by information with two offenses, count one deliberate homicide a felony, the maximum possible punishment for that offense is punishment by death, by life imprisonment or by imprisonment in the state prison for any term not less than 10 years nor more than 100 years and you have been charged with count two attempted deliberate homicide a felony. The maximum possible punishment for that offense is punishment by death, by life imprisonment or by imprisonment in the state prison for any term not less than 10 years nor more than 100 years. Do you understand that?
>
> A. Yes I do.
>
> . . .
>
> THE COURT: Now it is my understanding that you are here for the purpose of change of plea?
>
> A. That is right.
>
> THE COURT: Okay. I would like to remind you before you enter a change of plea of the following rights that you have at this time. You are entitled to a fair, speedy and impartial trial by jury. You are entitled to and the state must prove the charges against you beyond a reasonable doubt. You have the right to confront your accusers, to cross examine any witnesses that might testify against you. You have the right to produce any witnesses who might testify in your behalf. You may refuse to testify and you may refuse to answer any individual questions that may tend to incriminate you. If you go to trial you might be found guilty of a lesser included crime. That means that a jury might find that you are innocent of the charges here but that you are guilty of a less serious crime. Pending the outcome of the trial you have the right to secure bail to release you from custody. The amount of bail will be determined

---

[1] Section 46-16-105(1), MCA, reads: "Before or during trial, a plea of guilty may be accepted when: (a) the defendant enters a plea of guilty in open court; and (b) the court has informed the defendant of the consequences of his plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea."

by me. Do you understand those rights?

A. Yes.

THE COURT: Okay. Are you satisfied with your attorneys?

A. Yea.

THE COURT: Are you presently under the influence of any drugs, alcohol or any person?

A. No.

. . .

THE COURT: Before accepting your plea, have you been coerced, threatened or promised any benefits if you plead guilty?

A. No.

THE COURT: Do you understand the charges against you?

A. Yea.

THE COURT: Have you discussed them fully with your attorney?

A. Yes.

THE COURT: Do you have any questions about what we are doing now or about anything with regard to these charges?

A. No.

THE COURT: Okay. Do you understand that by entering pleas of guilty you have waived the rights that I have just read to you?

A. Yes.

Clearly the appellant was adequately informed of his rights and stated he understood the ramifications of entering pleas of guilty. Thus, when the appellant desired to withdraw his previous guilty pleas, the District Court properly denied the request. The transcript from the October 23, 1990 proceeding reveals the court's rationale for such denial.

7

THE COURT:   You have had -- before you pled guilty to this offense you had extensive conversations with your attorney.  You had plenty of opportunity to clarify any questions at that time.  And when you pled guilty you were advised very severely and very thoroughly of the consequences of your guilty plea and this Court has no authority to allow you to withdraw a guilty plea just because you have sat and thought about it for a couple weeks and decided it might be - - that you would rather have a jury trial than plead guilty.

. . .

THE COURT:   On the basis of what you have told me today I find no legal basis for permitting you to withdraw your guilty plea.  And I find no legal basis for withdrawing your attorney. . . .

The District Court may allow withdrawal of a plea of guilty upon the showing of good cause pursuant to § 46-16-105(2), MCA. Since we hold that the appellant's claim of ineffective assistance of counsel is without merit in the instant case, the appellant has failed to show good cause to withdraw his guilty pleas.  Therefore, finding no abuse of discretion, we affirm the District Court.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

8