No.   91-613

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

DON HENRY BISHOP,

        Petitioner and Appellant,

  -vs-

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone,
              The Honorable Robert W. Holmstrom, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       Don Henry Bishop, Pro Se, Deer Lodge, Montana

       For Respondent:

       Hon.  Marc  Racicot,  Attorney  General,  Carol  E.
       Schmidt, Assistant Attorney General, Helena, Montana
       Dennis  Paxinos,  County  Attorney,  David  W.  Hoefer,
       Deputy County Attorney, Billings, Montana

**FILED**

JUL 27 1992

Filed: *Ed Smith*
  CLERK OF SUPREME COURT
    STATE OF MONTANA

Submitted on Briefs:  May 21, 1992

Decided:  July 27, 1992

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the Thirteenth Judicial District Court, Yellowstone County, Montana, denying appellant's motion for post-conviction relief. We affirm.

We rephrase the dispositive issues on appeal as follows:

1. Whether the District Court erred when it denied post-conviction relief to the appellant which was based on theories of ineffective assistance of counsel and involuntary guilty plea.

2. Whether the District Court erred in not ordering the State to file a responsive pleading and in not holding an evidentiary hearing.

3. Whether the District Court erred by committing a due process violation when it passed sentence on the appellant based on a presentencing report that contained alleged inaccuracies.

On December 2, 1989, an individual entered the King Avenue Kwik Way convenience store in Billings, Montana. The individual wore a nylon stocking over his head and face and pointed a handgun at the store clerk ordering him to place money from the cash register into a paper bag. The individual then forced the store clerk to place his hands in super glue which he had previously spread on the counter.

On June 10, 1990, an individual entered the Great Harvest Bread Company in Billings, Montana, after normal business hours and removed cash and checks.

In mid-August, 1990, Dennis Henman (Henman) and Sandra Gust (Gust) both gave statements to the Billings Police Department

2

identifying the appellant, Don Henry Bishop (Bishop), as the individual who committed the previously-mentioned robbery and burglary.

On September 11, 1990, Bishop was charged with robbery under § 45-5-401, MCA, and burglary under § 45-6-204, MCA. The court-appointed defense counsel for Bishop and the defendant pled not guilty. On November 9, 1990, Bishop signed an "acknowledgement of waiver of rights by plea of guilty" and changed his plea from not guilty to guilty. By signing the form, Bishop acknowledged that the county attorney agreed to recommend a sentence of ten years in prison with an additional three years for the use of a weapon in the course of the robbery, and an additional five years for the offense of burglary. These sentences were to run concurrently. Also, in signing the form Bishop acknowledged that the recommendation by the county attorney was not binding upon the court in passing sentence. The record reflects that on November 16, 1990, the court accepted Bishop's change of plea to guilty.

On January 8, 1991, the court conducted a hearing on sentencing at the conclusion of which the appellant, while responding to a question of whether he had anything additional to add before sentencing, made the following statement:

> Your honor, what I did was wrong, I accept full responsibility for these actions. But I have a great deal in the past, and I've made two big mistakes -- that's not the only mistakes I've made in my life -- I regret doing it, and I can tell you that I'll never do it again because I've learned my lesson. . . .

The court did not accept the county attorney's recommendation for sentencing, and instead imposed a twenty-five year sentence for

3

the offense of robbery and a ten year sentence for the offense of burglary with five years for the use of a weapon. The sentences were to run concurrently. On August 15, 1991, Bishop filed a petition for post-conviction relief based on theories of ineffective assistance of counsel and an involuntary guilty plea. Bishop also moved for substitution of the judge. The petition and the motion were both denied and Bishop appeals to this Court.

## Denial of Post-Conviction Relief

Bishop first claims that he is entitled to post-conviction relief because he received ineffective assistance of counsel for three reasons: (1) misrepresentation of the law regarding corroborating evidence; (2) failure to address errors in a presentence report; and (3) a conflict of interest.

This Court previously adopted a test for ineffective assistance of counsel in State v. Boyer (1985), 215 Mont. 143, 147, 695 P.2d 829, 831. The test is comprised of a two-prong test adopted by the United States Supreme Court in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. We recently discussed the two-prong test.

> "Under the two-pronged test set forth in Strickland, the defendant must first demonstrate that counsel's performance was deficient. To demonstrate that counsel's performance was deficient, defendant must prove that counsel's performance fell below the range of competence reasonably demanded of attorneys in light of the Sixth Amendment. Second, the defendant must demonstrate that the counsel's deficiency was so prejudicial that the defendant was denied a fair trial. To satisfy this requirement, the defendant must demonstrate that but for counsel's deficient performance, it is reasonably probable that the result of the challenged proceeding would have been different. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; State v. Elliott

4

(1986), 221 Mont. 174, 178, 717 P.2d 572, 575. When a guilty plea is at issue rather than the result of a trial, the defendant must demonstrate that but for counsel's deficient performance, the defendant would not have pled guilty, and would have insisted on going to trial. Hill v. Lockhart (1985), 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210."

State v. Aills (1991), 250 Mont. 533, 535, 822 P.2d 87, 88-89; quoting State v. Senn (1990), 244 Mont. 56, 59, 795 P.2d 973, 975. Bishop contends that he received ineffective assistance of counsel for the three previously-mentioned reasons, which we address individually.

First, with regard to Bishop's assertion that his court-appointed counsel misrepresented the law on corroboration, we find no persuasive evidence in the record. Bishop was not afforded a hearing on this matter for reasons we will discuss later in this opinion. Instead, the District Court received evidence from Bishop in the form of a brief which he presumptively entitled "pre-hearing brief." This brief purportedly sets forth evidence supporting Bishop's claim for ineffective assistance of counsel. After reviewing the record, we agree with the District Court that Bishop failed to present persuasive evidence to support such a claim. For instance, Bishop alleges that the substance of an investigative police report proves that there was no evidence to corroborate his accomplice's testimony. However, the report reveals that a corroborating statement was given by Gust. The report states that Gust was interviewed and that she corroborated the accomplice's testimony. Bishop also claims that a November 9, 1990, letter he wrote to his girlfriend regarding his reluctance to plead guilty

5

supports his contention that defense counsel misrepresented the law on corroboration. However, the letter contains no statements regarding corroboration of accomplice testimony or his understanding thereof but instead merely presents the pro's and con's of signing a plea agreement. After reading the letter, we find no support for Bishop's contention. The District Court accurately describes Bishop's contentions as mere conclusory allegations which fail to establish that his defense counsel's performance was deficient. Bishop relies on State v. Laubach (1982), 201 Mont. 226, 653 P.2d 844, for the proposition that a defendant must be informed of the fact that a conviction cannot stand on the testimony of an accomplice unless their testimony is corroborated by other evidence. Laubach, 201 Mont. at 230-231, 653 P.2d at 846. In Laubach, two individuals stole a motorcycle and stored it at a friend's ranch. One of the accomplishes testified against the other which was corroborated by other evidence including possession of the stolen cycle, his negotiation of the hiding place and the testimony of the friend whose ranch upon which the motorcycle was stored. Laubach is not helpful to Bishop as he contends. In fact, Laubach and the requirements of corroborating testimony are met in the case at bar because the record reflects that in addition to Bishop's own admissions regarding the theft and burglary incidents, and the accomplice testimony of Henman, is Gust's statement. Gust gave a statement to the Billings Police Department which identified Bishop as the suspect in each of the offenses. Gust's statement corroborates the testimony of Bishop's

6

accomplice Henman, and therefore meets the requirements set forth in Laubach.

Further, Bishop's contention that he was not informed of the law regarding corroboration of accomplice testimony does not alone establish counsel's ineffective assistance. In Aills, 250 Mont. at 534-535, 822 P.2d at 88, the appellant claimed ineffective assistance of counsel because his court-appointed counsel failed to specifically inform him of possibilities regarding change of venue if the case went to trial. This Court stated that this failure was not evidence of counsel's deficient performance to his client. Aills, 250 Mont. at 535, 822 P.2d at 89.

Next, Bishop contends that the sentence imposed upon him was based on a presentence report that contained numerous errors. His allegation of ineffective assistance of counsel comes into play because he insists that his counsel failed to attempt to correct the errors. However, the record reflects that Bishop's counsel twice continued the sentencing hearing at Bishop's request so that he could gather information to refute the alleged errors in the presentence report. Counsel also moved the court to allow probation and parole to release documents that contained information regarding the alleged errors. Additionally, the record reflects that Bishop's counsel gave the judge the letter written by Bishop describing the alleged errors. Finally, what we find most convincing, is Bishop's own testimony at the sentencing hearing regarding the alleged errors.

THE COURT: Other than that[1], however, I take it that there's nothing in the presentence report that this defendant [Bishop] now contests?

[BISHOP'S ATTORNEY]: That's my understanding, your Honor. Is that correct, sir?

MR. BISHOP: Yes, sir.

Therefore, we do not find that counsel's performance was deficient as alleged by Bishop.

Bishop also contends that he received ineffective assistance of counsel because his court-appointed counsel had a conflict of interest. The public defender representing Bishop apparently also represented Mr. Travis Spadt. Mr. Spadt was the clerk at the Kwik Way convenience store when it was robbed by Bishop. Mr. Spadt was also investigated for the crimes that Bishop admitted committing. In his claim for ineffective assistance of counsel based on a conflict of interest, Bishop has the burden to show that "an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan (1980), 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333, 348. The "possibility of conflict is insufficient to impugn a criminal conviction." Cuyler, 446 U.S. at 350, 100 S.Ct. at 1719, 64 L.Ed.2d at 348. The record is devoid of any evidence that Bishop's interests were adversely affected by his counsel's performance. Accordingly, Bishop's claim of ineffective assistance of counsel due to a conflict of interest fails.

After a review of the record we find that neither prong of the

---

[1] "that" referring to testimony and cross-examination of the probation/parole officer who prepared Bishop's presentence investigation regarding Bishop's alleged post-arrest threats against his accomplice.

8

Strickland test is satisfied. Counsel's performance was not deficient since it did not fall below the range of competence reasonably demanded of attorneys, and defendant did not demonstrate that but for counsel's deficient performance he would not have pled guilty and insisted on going to trial. In addressing the issues of ineffective assistance of counsel, we note that "in any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. Considering all the circumstances of the case at bar, we hold that Bishop's counsel's performance was reasonable.

Bishop also contends that the District Court should have granted his request for post-conviction relief because his guilty plea was involuntary. We disagree. The record is replete with information that defeats Bishop's assertion. As referenced previously, the plea agreement signed by Bishop clearly sets forth that the plea of guilty and the terms of the plea agreement are not binding upon the court. Instead, the terms of the agreement are merely that the county attorney's office agrees to recommend to the court a specific sentence. Further, during the November 16, 1990 hearing in which Bishop changed is plea from not guilty to guilty, the following conversation took place:

> THE COURT: Apparently there has been some sort of a plea bargain entered into between the county attorney's office and yourself through your attorney, and I take it you understand that this Court is not bound by any such plea bargains?
>
> MR. BISHOP: Yes, sir.

9

THE COURT: You understand also that if I accept your plea of guilty and later decide not to follow the recommendation of the county attorney's office concerning sentence in this case, that you do not have a right to withdraw your plea of guilty?

MR. BISHOP: Yes, sir.

THE COURT: Are you suffering any emotional or mental disability of any kind?

MR. BISHOP: No, sir.

Again at the January 8, 1991, sentencing hearing the following discussion took place:

THE COURT: . . . I take it that I explained to you, did I not, Mr. Bishop, at the time I accepted your plea of guilty, . . . that if the Court saw fit not to go along with the plea bargain, you did not have an opportunity to withdraw your plea automatically; you understood that, did you not?

MR. BISHOP: Yes, sir.

Clearly, Bishop understood the ramifications of entering pleas of guilty and was adequately informed of his rights.

## Responsive Pleading and Evidentiary Hearing

Bishop contends that the circumstances in his case require a responsive pleading and an evidentiary hearing. We disagree. With respect to the responsive pleading, we find that under § 46-21-201(1), MCA, the court may or may not require a responsive pleading. Such a responsive pleading depends on whether "the files and records of the case conclusively show that the petitioner is not entitled to relief." Section 46-21-201(1), MCA. After reviewing the record we find that the files and records of the case did in fact conclusively show that Bishop was not entitled to relief. Therefore, no responsive pleading was necessary.

10

With regard to the evidentiary hearing, we have previously said, "[I]t is not error to deny an application for post-conviction relief without an evidentiary hearing if the allegations are without merit or would otherwise not entitle the petitioner to relief." Coleman v. State (1981), 194 Mont. 428, 433, 633 P.2d 624, 627. Coleman controls in the case at bar. Clearly Bishop's allegations were without merit and therefore, the District Court did not err in not requiring an evidentiary hearing.

## Due Process Violation

Bishop also contends that his due process rights were violated because his sentence was based upon a presentence report that contained various inaccuracies. We do not agree. Bishop pointed out the alleged inaccuracies in a letter he wrote to his attorney who, in turn, forwarded the letter to the court. In his letter, Bishop criticized the content of his presentence report almost on a point-by-point basis. However, we find that most of Bishop's criticisms are interpretive in nature and he presented no substantial evidence to refute the contents of the presentence report. For instance, the presentence report stated that Bishop had not utilized his vocational training and abilities to hold a steady job and, consequently, had been unsuccessful in this venture. To support the statement that Bishop could not hold a steady job, the report indicated that Bishop held ten different jobs during a twenty month period. Bishop refuted this statement by stating in his letter that he had not held ten jobs in twenty months, and although he changed jobs frequently, he always had the

11

permission of his parole officer. The report also indicated that Bishop had a chemical dependency problem which he refused to address. The report referred to a parole violation report which listed Bishop as receiving three positive tests for amphetamine use. Bishop, on the other hand, merely makes the statement: "I have not failed to address my drug and/or alcohol problems."

These interpretational differences simply do not rise to the level of Bishop proving that the statements in the presentence report were false or erroneous. Additionally, Bishop was given the opportunity at his sentencing hearing to cross-examine James Corcoran, the probation/parole officer who prepared Bishop's presentence investigation report. After a review of the record we do not find that Bishop has proven any of the alleged errors to be false or erroneous. In the District Court's memorandum in support of the order which denied Bishop's post-conviction relief, the court properly made a summation of this area as follows:

> Finally, on the date set for sentencing, the Court inquired of Petitioner [Bishop] if the report contained matters Petitioner disagreed with and allowed Petitioner to present testimony, including an examination of the probation officer who prepared the presentence report. . . . Petitioner has presented nothing more than conclusory statements regarding counsel's deficient performance.

After a review of the record we find that to determine Bishop's sentencing, the District Court primarily relied on his criminal history. During the sentencing hearing the court noted that Bishop's previous record consisted of two armed robberies and an escape. Further, that Bishop was on probation when he committed the December 2, 1989 armed robbery in Billings. As a result, he

12

broke the law by violating the terms of his parole as well as violating the Federal Firearms Act. The court went on to say:

> [Y]ou appear that you are a person who could be a productive member of society if it were not for your criminal behavior, but in view of your record, I think you're the type of person that society must be protected from.
>
> In my view, when someone walks into a [Kwik] Way store or other store and points a gun at the clerk and says give me your money, that you're very close to committing a very more serious offense that could -- what if that person doesn't do it, shooting happens, people are killed, society has established rules that say a person who does that has to be placed somewhere where he or she cannot injure other law-abiding members of society. I believe you fit in that category, sir, based upon your record. . . .
>
> Under the circumstances, I feel that the plea bargain is inappropriate, and, therefore, after giving this matter some serious thought and taking into account the seriousness that the legislature has demonstrated, in how the legislature feels for these offenses, the offense of robbery is up to 40 years, the offense of burglary is up to 20 years, and, of course, an additional 10 years for the use of a weapon, in other words, you're before me with maximum sentences hanging over your head of 70 years, if my mathematics are right.
>
> . . .
>
> [I] feel that the 10-year[s] for the armed robbery is inappropriate, three years for the use of a weapon is inappropriate, and five years for the burglary is inappropriate; these are the terms of the plea bargain.
>
> . . .

It is apparent that in reviewing the presentence report, the District Court relied most heavily on Bishop's criminal history.

The Fourteenth Amendment's due process protection prohibits a court from relying on materially false information when sentencing a defendant. United States v. Wilson (9th Cir. 1990), 900 F.2d 1350, 1353. We find that Bishop has failed to prove that any of

13

the information relied upon by the District Court in sentencing him was materially false.

Pursuant to the above discussion we hold the District Court did not err in denying Bishop's motion for post-conviction relief.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

14

July 27, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Don Henry Bishop
700 Conley Lake Rd.
Deer Lodge, MT  59722


Hon. Marc Racicot, Attorney General
*Carol E. Schmidt*
Justice Bldg.
Helena, MT   59620

Dennis Paxinos, County Attorney
David W. Hoefer, Deputy
P.O. Box 35025
Billings, MT  59107

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
     Deputy