No. 91-314

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE OF MONTANA,

       Plaintiff and Respondent,

-vs-

JOHN HEMBD,

       Defendant and Appellant.

FILED

SEP 1 1992

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert W. Holmstrom , Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

         John Hembd, Pro Se, Deer Lodge, Montana

      For Respondent:

         Hon. Marc Racicot, Attorney General, George Schunk,
Assistant Attorney General, Helena, Montana
Dennis Paxinos, County Attorney, Dale Mrkich,
Deputy County Attorney, Billings, Montana

Submitted on Briefs: June 4, 1992

Decided: September 1, 1992

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

The defendant, John Hembd (Hembd), appeals his second conviction of robbery with a handgun following a jury trial in the Thirteenth Judicial District Court, Yellowstone County. We affirm.

The issues on appeal are:

1. Whether the District Court erred in allowing bank teller Linda Esman to identify the defendant?

2. Whether the District Court properly instructed the jury?

3. Whether Hembd's sentence was valid?

4. Whether Hembd was denied effective assistance of counsel?

5. Whether the District Court erred in denying Hembd's motion to dismiss based on the lack of a speedy trial?

6. Whether the District Court erred in denying Hembd's motion to disclose the informants' identity?

7. Whether there is sufficient evidence in the record to support the defendant's conviction?

On December 28, 1988, Dianne Bexell-Paul, a teller at the Security Federal Savings Bank in Billings, was robbed at gun point while at her window in the bank. The robber escaped on foot with $4,390. Bexell-Paul and the teller next to her, Linda Esman, gave similar descriptions of the perpetrator to authorities. Informants later identified Hembd as the robber to the Federal Bureau of Investigation and the Billings Police Department.

On January 11, 1989, Hembd was charged by information with felony robbery. A jury trial was held on March 20, 1989, and the

2

jury returned a guilty verdict on March 22, 1989. Hembd was subsequently sentenced to twenty-five years in the Montana State Prison with an additional five years for use of a handgun in the commission of the offense.

Hembd appealed that conviction on March 31, 1989. The State cross-appealed certain rulings made during the course of trial. Subsequently, the State moved the Montana Supreme Court to remand the case with instructions to vacate the judgment of conviction. On January 23, 1990, this Court reversed the defendant's conviction and remanded the case for a new trial.

The second trial was held on April 29 and 30, 1991, and on April 30, 1991, Hembd was again found guilty by a jury. He was sentenced to twenty-five years in the Montana State Prison with an additional five years for the use of a weapon. On September 25, 1991, counsel for Hembd filed an Anders brief with motion for leave to withdraw. Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. We provided Hembd with an opportunity to respond to his attorney's Anders brief and he responded via letter dated February 25, 1992. On March 24, 1992, this Court granted Hembd's counsel's motion to withdraw and directed the State of Montana to respond. Hembd filed supplemental arguments on June 17, 1992.

I.

Whether the District Court erred in allowing bank teller Linda Esman to identify the defendant?

Although Hembd objects to this testimony on appeal, it was not objected to by Hembd's counsel during the trial. The general rule

3

is that failure to object to alleged error at trial results in waiver of the right to challenge such error on appeal. State v. Howie (1987), 228 Mont. 497, 744 P.2d 156. When substantial rights of a defendant are involved, lack of timely objection does not preclude us from exercising our jurisdiction to examine any error at the trial court level. State v. Sadowski (1991), 247 Mont. 63, 805 P.2d 537. However, this plain error doctrine is invoked only in extraordinary circumstances when it is necessary to ensure a fair trial. State v. Voegele (1990), 243 Mont. 222, 793 P.2d 832. The record herein does not contain any extraordinary circumstances calling the plain error doctrine into play. Therefore, because counsel did not raise this objection at trial, we will not consider it on appeal.

## II.

Whether the District Court properly instructed the jury?

Hembd asserts that the District Court gave "bad instructions." At trial, Hembd's attorney objected only to the State's instruction #2 because it was duplicative of the court's instruction #3. The court ruled that it was not duplicative and gave the instruction.

The instruction objected to was a "credibility and weight" instruction. The court's instruction directed the jury to decide the issues of fact and to perform this task without bias, passion, or prejudice. It provided the jury with guidelines regarding all evidence, including testimony as well as documents, exhibits, and stipulations.

The District Court gave both instructions to the jury. It is

4

within the prerogative of the trial court to determine which instructions are necessary. State v. Smith (1986), 220 Mont. 364, 715 P.2d 1301. On review, we determine whether instructions, as a whole, fully and fairly present the applicable law of the case. State v. Goodwin (1991), 249 Mont. 1, 813 P.2d 953.

We conclude that the District Court was correct that the two instructions were not duplicative. Having reviewed all the instructions, we conclude that, as a whole, they fully and fairly presented the case to the jury.

### III.

Whether Hembd's sentence valid?

Trial judges are granted broad discretion to determine the appropriate punishment. State v. Carson (1984), 208 Mont. 320, 677 P.2d 587. On appeal we will not review a sentence for mere inequity or disparity. State v. Almanza (1987), 229 Mont. 383, 746 P.2d 1089. The general rule regarding sentencing is that a sentence within the statutory guidelines does not violate the constitution. State v. Dahms (Mont. 1992), 825 P.2d 1214, 49 St.Rep. 106. Hembd was sentenced to twenty-five years for robbery pursuant to § 45-5-401, MCA; the sentence was within the 40-year maximum statutory sentence for robbery. We hold that Hembd's sentence is not unconstitutional and did not constitute an abuse of discretion.

### IV.

Whether Hembd was denied effective assistance of counsel?

Hembd argues on appeal that because his counsel did not raise

5

the issue of Linda Esman's identification at trial, he has been denied effective assistance of trial counsel. This Court has adopted a two part test in determining whether a party has been denied effective assistance of counsel.

> To demonstrate that counsel's performance was deficient, defendant must prove that counsel's performance fell below the range of competence reasonably demanded of attorneys in light of the Sixth Amendment. Second, the defendant must demonstrate that the counsel's deficiency was so prejudicial that the defendant was denied a fair trial.

State v. Aills (1991), 250 Mont. 533, 535, 822 P.2d 87, 88; quoting Strickland v. Washington (1984), 466 U.S. 668, 687, 104 St.Ct. 2052, 2064, 80 L.Ed.2d 674, 693.

In the case at bar, the first prong of the test is not satisfied. Hembd's single allegation on appeal is that his attorney failed to object to Linda Esman's identification at the second trial; he does not assert any basis for a conclusion that Esman's testimony was inadmissible. "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Aills, 822 P.2d at 89; citing Strickland, 466 U.S. at 688, 104 S.Ct. at 2065, 80 L.Ed.2d at 694.

Linda Esman was standing at a teller window near that of Dianne Bexell-Paul when Bexell-Paul was robbed at gun point; both Esman and Bexell-Paul were eyewitnesses to the crime and gave similar descriptions of the robber to the police. Defense counsel chose to cross-examine Esman at some length regarding discrepancies in her initial description of Hembd and her identification at trial

6

rather than objecting to her testimony. In judging counsel's representation of Hembd, we will not second-guess counsel's trial tactics. State v. LaValley (1983), 203 Mont. 393, 661 P.2d 869. We conclude that counsel's representation was reasonable and within the range of competence required by the Sixth Amendment. The first prong of the Strickland test not being satisfied, we hold that Hembd received effective assistance of counsel.

V.

Whether the District Court erred in denying Hembd's motion to dismiss based on the lack of a speedy trial?

Hembd argues on appeal that he was denied a speedy trial. He contends that the delays in bringing his case to trial must be charged to the State. The State asserts, and the court agreed, that Hembd was responsible for much of the delay and that the remainder of the delays were caused by the court's congested calendar. Finding no prejudice to the defendant, the court denied Hembd's motion for dismissal based on the lack of a speedy trial.

Defendants in criminal trials are guaranteed the right to a speedy trial by the Sixth Amendment to the United States Constitution and by Article II, Section 24, of the Montana Constitution. We analyze four factors in determining whether a defendant's right to a speedy trial has been violated: length of delay, reasons for delay, assertion of the right by the defendant, and prejudice to the defendant. State v. Heffernan (1991), 248 Mont. 67, 70, 809 P.2d 566, 568.

Length of Delay

If the delay is lengthy it is presumptively prejudicial and

7

further inquiry is warranted. <u>Heffernan</u>, 248 at 70, 809 P.2d at 568. Here, 461 days elapsed between the reversal of Hembd's first conviction and his second. We have previously stated that a delay of 200 days will usually trigger the full speedy trial analysis. State v. Dahms (Mont. 1992), 825 P.2d 1214, 49 St.Rep. 106. Therefore, we will analyze the remaining speedy trial factors.

Reasons for Delay

A careful review of the record reveals that Hembd's successful motions to vacate trial dates delayed the trial by 240 days, leaving 241 days of unavoidable delay grounded in institutional considerations of the District Court. "Delay inherent in the system is chargeable to the State." State v. Harvey (1979), 184 Mont. 423, 434, 603 P.2d 658, 667. However, institutional delay weighs less heavily against the State than purposeful delay. <u>Heffernan</u>, 248 Mont. at 73, 809 P.2d at 570. Nothing in the record before us reflects any purposeful delay by the State.

Assertion of the Right

Hembd satisfied the third element of the test by moving to dismiss the action on speedy trial grounds on June 15, 1990.

Prejudice to Defendant

This Court has identified three factors which indicate prejudice to a defendant: 1.) pretrial incarceration; 2.) anxiety and concern; and 3.) impairment of defense. <u>Heffernan</u>, 248 Mont. at 74, 809 P.2d at 570. Applying these factors to the case before us results in a conclusion that Hembd was not prejudiced by the delay.

8

Hembd's incarceration on a separate charge negates any prejudice arising from being incarcerated awaiting trial. Further, he does not assert that the delay exacerbated his anxiety and concern. Finally, Hembd makes no showing that his defense was impaired by that delay. We hold that the District Court did not err in denying Hembd's motion to dismiss based on the lack of a speedy trial.

VI.

Whether the District Court erred in denying Hembd's motion to disclose the informants' identity?

Hembd argues on appeal that he should have been permitted to see the informant; he does not specify which of the two informants he means. We note that Hembd moved for identification of the FBI informant prior to trial and that the motion was denied. No specific error in that ruling is raised and our review does not disclose error.

With regard to Hembd's assertion regarding disclosure of the identity of the informants, he does not suggest how disclosure could have aided his alibi or mistaken identity defenses. He asserts only that if he could see the informant he could determine if the informant looked like him and could have actually committed the crime and subsequently blamed Hembd. Hembd's assertion that the informants may have provided information to throw law enforcement investigators off the track of the actual perpetrator constitutes mere speculation and conjecture. Conjecture is an insufficient cause to support disclosure of an informant's identity. State v. McLeod (1987), 227 Mont. 482, 740 P.2d 672.

9

Whether there is sufficient evidence in the record to support the defendant's conviction?

The standard of review for sufficiency of the evidence in criminal cases is whether "evidence, when viewed in a light most favorable to the prosecution, would allow a rational trier of fact to find essential elements of the crime beyond a reasonable doubt." State v. Beach (1991), 247 Mont. 147, 150, 805 P.2d 564, 566.

Hembd was found guilty of robbery. Robbery is defined in pertinent part, as follows:

> (1) A person commits the offense of robbery if in the course of committing a theft he:
>
> . . .
>
> (b) threatens to inflict bodily injury upon any person or purposely or knowingly puts any person in fear of immediate bodily injury. . . .

Section 45-5-401, MCA.

The evidence in this case was substantial as to each element. Two eyewitnesses testified that it was Hembd who robbed the bank, two informants notified authorities that it was Hembd who robbed the bank, and a video exists of the robbery. The robbery was committed at gunpoint and the robber escaped with over $4,000. Bexell-Paul and Esman testified that they were afraid that the robber would shoot them. A rational trier of fact could have found each element of the offense proved beyond a reasonable doubt. Therefore, we hold that there is sufficient evidence in the record to support defendant's conviction.

Affirmed.

_____
Justice

We concur:

_John Conway Harrison_

_Terry Trieweiler_

_William E. Hunt Sr._

_____
Justices

September 1, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


John Hembd
700 Conley Lake Rd.
Deer Lodge, MT 59722


HON. MARC RACICOT, Attorney General
George Schunk, Assistant
Justice Building
Helena, MT 59620

Dennis Paxinos, County Attorney
Yellowstone County
P.O. Box 35025
Billings, MT 59107


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy