No. 90-147

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

     Plaintiff and Respondent,

-v-

BABE BEACH,

     Defendant and Appellant.

FILED

FEB -5 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Sixteenth Judicial District,
In and for the County of Carter,
The Honorable Joe L. Hegel, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

          James G. Hunt; Dix & Hunt Law Firm; Helena, Montana

     For Respondent:

          Marc Racicot, Attorney General; Joe Thaggard,
Asst. Atty. General; Helena, Montana
Richard Harkins; Carter County Attorney; Ekalaka,
Montana

Submitted on Briefs:  December 20, 1990

Decided:  February 5, 1991

Filed:

_____
Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Defendant, Babe Beach, was convicted of misdemeanor assault, a violation of § 45-5-202, MCA, in the District Court for the Sixteenth Judicial District, Carter County. From that conviction, defendant appeals.

The sole issue for our review is whether sufficient evidence supported defendant's conviction for misdemeanor assault.

Defendant and his girlfriend, Beverly Winkley (Ms. Winkley) lived together in Ekalaka, Montana. Ms. Winkley's three children also lived with the couple.

On the morning of December 28, 1988, defendant and Ms. Winkley drove to Baker, Montana where she left her two older children to visit with their grandmother. While in Baker, defendant and Ms. Winkley had an argument. Defendant returned home to Ekalaka alone. When defendant returned home, Ms. Winkley's youngest child, Josh, was still at defendant's house.

That evening, Ms. Winkley contacted the Carter County Sheriff, Joe Carey, and asked him to retrieve Josh from defendant's home. That same evening Joe Carey and Neil Kettelmann, Ekalaka's chief of police, went to defendant's home and asked him to get Josh. Defendant refused and stated that Ms. Winkley would have to pick the child up herself. Joe Carey informed Ms. Winkley of what happened and she returned to Ekalaka, accompanied by a friend, Alma Janz.

About 9:30 p.m., Joe Carey, Neil Kettelmann, Ms. Winkley, Ms. Janz and Steve Markuson, a former Ekalaka policeman, went to

2

defendant's home. The house was dark. After knocking on the back door and calling defendant's name with no response, Ms. Winkley then retrieved a house key from its hiding place within the yard. The group then entered the house.

Ms. Winkley testified that when she saw defendant standing in the living room, she walked passed him and told him she had come to get Josh. From upstairs, she heard defendant tell Joe Carey to get out of his house. She testified that she then heard a gun cock. When she came back downstairs with Josh she saw that defendant was holding a gun. Joe Carey and the others had gone back outside. Ms. Winkley then left the house.

Joe Carey testified that he, Neil Kettlemann, and Ms. Winkley were at the kitchen door when defendant said, "Get the hell out of here". He testified that when the group did not leave, defendant said, "I am going to get a gun". When defendant came back with a gun, with the exception of Joe Carey and Ms. Winkley, the rest of the group ran out of the house. Joe Carey testified that Ms. Winkley went on to retrieve her son. He testified that he told defendant that "we'd come after the three-year-old boy and we didn't want any problems. And then he yelled at me to get out." He testified that he then left the house.

I

Was there sufficient evidence to support defendant's conviction for misdemeanor assault?

Defendant claims the defense of justifiable use of force to protect his family, his property and his home, under §§ 45-3-102,

45-3-103, and 45-3-104, MCA. The State maintains that defendants contention has no merit because each element of the crime of misdemeanor assault was proven beyond a reasonable doubt.

Section 45-5-201, MCA, provides:

(1) A person commits the offense of assault if he:

(d) purposely or knowingly causes reasonable apprehension of bodily injury in another. The purpose to cause reasonable apprehension or the knowledge that reasonable apprehension would be caused shall be presumed in any case in which a person knowingly points a firearm at or in the direction of another, whether or not the offender believes the firearm to be loaded.

Defendant admits to knowingly and purposely pointing the gun at the group. Hence, the elements of misdemeanor assault have been proven. Therefore, the next question is whether the assault was a justifiable use of force. This contention has little merit. Defense of person pursuant to § 45-3-102, MCA, is justifiable to defend oneself or another against such other's "imminent use of unlawful force". There are no facts to support an argument that Ms. Winkley and her group used such unlawful force.

There are also no facts to support the contention of "unlawful entry" into defendant's home to justify defense of his home pursuant to § 45-3-103, MCA. Ms. Winkley herself lived in the home with her children as late as the morning of the day of the incident in question. Her youngest child was still there and she had not yet moved out her personal belongings. Ms. Winkley asked the others to enter the house with her. Defendant failed to show evidence of unlawful entry.

Section 45-3-104, MCA, provides:

4

**Use of force in defense of other property.** A person is justified in the use of force or threat to use force against another when . . . he reasonably believes that such conduct is necessary to prevent or terminate such other's trespass on or other tortious or criminal interference with either real property (other than an occupied structure) or personal property lawfully in his possession or in the possession of another who is a member of his immediate family or household or of a person whose property he has a legal duty to protect.

The standard of review on issues of substantial evidence is that the conviction cannot be overturned if evidence, when viewed in a light most favorable to the prosecution, would allow a rational trier of fact to find essential elements of the crime beyond a reasonable doubt. State v. Laverdure (1990), 241 Mont. 135, 785 P.2d 718. We hold that sufficient evidence supported defendant's conviction for misdemeanor assault.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5