No. 91-411

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

---

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

MICHAEL T. BIRTHMARK,

        Defendant and Appellant.

FILED

JUL 2 1992

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

---

APPEAL FROM:    District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Michael T. Birthmark, Pro se, Deer Lodge, Montana

        For Respondent:

            Hon. Marc Racicot, Attorney General, Jennifer M.
Anders, Assistant Attorney General, Helena, Montana
Christopher G. Miller, County Attorney, Deer Lodge,
Montana

---

Submitted on Briefs:  May 28, 1992

Decided:  July 2, 1992

Filed:

---

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

The defendant, Michael T. Birthmark (Birthmark), appeals his conviction of possession of a deadly weapon while in prison, pursuant to § 45-8-318, MCA, following a jury trial in the Third Judicial District Court, Powell County. We affirm.

As a preliminary matter, we note that after the notice of appeal was filed in this case, Birthmark's trial counsel filed with the District Court a motion to withdraw as counsel on the basis of lack of meritorious appealable issues. Counsel's motion was accompanied by a Memorandum which referred to possible arguments in support of the appeal. The District Court granted the motion. While the District Court was not the appropriate forum for a motion to withdraw at that stage of the proceedings, we issued an Order upon receipt of the District Court's order granting the motion stating that the Memorandum submitted would be considered an "Anders" brief. Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. We provided Birthmark with an opportunity to respond to his counsel's brief.

Following that response, we examined the record, as required by Anders, and concluded that counsel's evaluation of the case was sound; therefore, we granted counsel leave to withdraw and allowed Birthmark to proceed pro se with his appeal. The State responded to the "Anders" brief and Birthmark's supplement thereto.

We consider the following issues raised by Birthmark:

1. Did the District Court commit reversible error in

2

admitting certain testimony?

2.   Is there sufficient evidence in the record to support the defendant's conviction?

3.   Is Birthmark entitled to further representation?

This action stems from an incident in the Montana State Prison in which Officer Neil Lehto discovered a potentially dangerous weapon in Birthmark's cell in "A" block, the maximum security unit of the prison. Lehto found an altered eyeglass arm-piece tucked away in a roll of toilet paper underneath Birthmark's sink. The arm-piece appeared to have been straightened and sharpened.

On September 27, 1990, an information was filed charging Birthmark with the offense of possession of a deadly weapon by a prisoner in violation of § 45-8-318, MCA. A jury trial was held at which Birthmark was represented by court-appointed counsel.

The jury found Birthmark guilty on April 18, 1991. The court sentenced him to five years' imprisonment with an additional two-year sentence as a result of the court's finding that Birthmark was a persistent felony offender. Birthmark appealed.

I.

Did the District Court commit reversible error in admitting certain testimony?

Birthmark contends that the District Court erred in admitting certain testimony by Officer Lehto. The State responds that any error in admission of the testimony was harmless.

Birthmark contends that Officer Lehto's testimony that the arm-piece had been sharpened was inadmissible. Defense counsel made a general objection to this testimony; no specific grounds

3

were given. Following the objection, counsel was allowed to voir dire the witness. When the voir dire became cross-examination and not voir dire, the District Court ended the voir dire.

We note that defense counsel's objection to this testimony was inadequate; no specific basis for the objection was made. "[A]n objection, to be good, must point out the specific ground of the objection. . . ." State v. Walker (1966), 148 Mont. 216, 223, 419 P.2d 300, 304; Rule 103, M.R.Evid. We conclude that defense counsel's general objection was insufficient to preserve the error for appeal.

In addition, Birthmark objected to Officer Lehto's testimony concerning the purpose for treating the arm-piece as evidence, tagging it and taking steps to preserve it. Defense counsel objected that the question called for a legal conclusion which the witness was not qualified to make. The court overruled counsel's objection and Officer Lehto responded:

> We send it up to the prison base for them to make a determination on this as a dangerous weapon.

Lehto testified that tagging the evidence preserves the matter for future prosecution.

The record reveals that Officer Lehto's testimony concerning these procedures was descriptive only. The question did not call for a legal conclusion, nor did Lehto's response constitute such a conclusion. We conclude, therefore, that the admission of Officer Lehto's testimony concerning the processing of evidence was not error.

Lehto also was allowed to testify, over objection that the

4

testimony was speculative, that the arm-piece had been sharpened and that:

> A: The only conceivable reason that this [altered eyeglass arm-piece] would be in an inmate's cell, in my opinion, is to be used as a shank. It was either given to Mr. Birthmark to keep for somebody, or it was made into this position to trade for other contraband --

Birthmark is correct that Lehto's testimony concerning the sharpness of the arm-piece and its possible uses called for speculation. Therefore, admission of this testimony was error. The judge, however, had the testimony stricken from the record and admonished the jury to disregard it. Striking erroneously admitted evidence and admonishing the jury to disregard it serves to cure the error. State v. Smith (1986), 220 Mont. 364, 715 P.2d 1301.

Birthmark further objected, on relevancy grounds, to Lehto's testimony that specific items were not permitted in "A" block. This testimony was irrelevant and its admission was error. We must decide, therefore, whether the error was prejudicial and affected the substantial rights of the party, or whether the error is harmless. Section 46-20-701, MCA. The test for prejudicial error is whether there is a reasonable possibility that the evidence might have contributed to the conviction. Brodniak v. State (1989), 239 Mont. 110, 779 P.2d 71.

Lehto's testimony was a mere recitation of prison policy which added nothing to the case. It was not related to the controlling facts of the case and did not cast Birthmark, or any action or activity by him, in a negative light. We conclude that no reasonable possibility exists that this improperly admitted

5

evidence contributed to the jury's verdict. Accordingly, we hold that any error on the part of the District Court in admitting Officer Lehto's testimony was harmless error.

## II.

Is there sufficient evidence in the record to support the defendant's conviction?

Birthmark claims that he is innocent of the charge of possession of a deadly weapon in prison. The State contends that there is sufficient evidence on the record to support the conviction.

The standard of review for sufficiency of the evidence in criminal cases is whether "evidence, when viewed in a light most favorable to the prosecution, would allow a rational trier of fact to find essential elements of the crime beyond a reasonable doubt." State v. Beach (1991), 247 Mont. 147, 805 P.2d 564. Birthmark was convicted under § 45-8-318, MCA, which provides:

> Every prisoner committed to the Montana state prison . . . . who, while at the state prison . . . . purposely or knowingly possesses or carries upon his person or has under his custody or control without lawful authority a dirk, dagger, pistol, revolver, slingshot, sword cane, billy, knuckles made of any metal or hard substance, knife, razor not including a safety razor, or other deadly weapon is guilty of a felony.

The evidence is undisputed that Birthmark was an inmate at the Montana State Prison and that he possessed the altered eyeglass arm-piece. The only elements of the offense at issue, therefore, are whether the arm-piece was: 1.) a deadly weapon 2.) knowingly or purposely possessed by Birthmark.

The jury was instructed on the basis of § 45-2-101(71), MCA,

6

that a weapon is "any instrument, article, or substance which, regardless of its primary function, is readily capable of being used to produce death or serious bodily injury." The jury had the altered arm-piece before it. In addition, Lehto testified that the arm-piece had been classified as a deadly weapon by prison authorities. We conclude that sufficient evidence was presented upon which the jury could properly determine beyond a reasonable doubt that the arm-piece was a deadly weapon.

We must also determine if Birthmark "knowingly" possessed a deadly weapon. "When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person is aware of a high probability of its existence." Section 45-2-101(33), MCA. Here, knowledge that the altered arm-piece could have been construed as a deadly weapon is needed to satisfy the statute. Testimony was offered that prisoners in "A" block were allowed nothing that had been altered. Birthmark testified not only that he altered the arm-piece, but that after doing so, the arm-piece was sharper. We conclude that there is evidence on the record that Birthmark was aware of a high probability that the altered arm-piece could be construed as a deadly weapon.

We hold that there was sufficient evidence for the jury to find the elements of the crime beyond a reasonable doubt and, therefore, to support defendant's conviction.

### III.

Is Birthmark entitled to further representation?

Birthmark requests this Court appoint new counsel to handle

7

his appeal. We decline to do so. The requirements of <u>Anders</u> are met by the orders issued and procedures utilized by this Court in the present case. Having determined that no meritorious issues exist on appeal, we hold that Birthmark is not entitled to further representation.

Affirmed.

_____
                            Justice

We concur:

_____
Chief Justice

_____

_____

_____
          Justices

8

July 2, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Michael T. Birthmark
700 Conley Lake Road
Deer Lodge, MT 59722


Hon. Marc Racicot
Attorney General
Justice Bldg.
Helena, MT 59620

Christopher Miller
County Attorney
Powell County Courthouse
Deer Lodge, MT 59722

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy